

One Commerce Plaza
Albany, New York 12260
518.487.7600

Jennifer Thomas Yetto
Associate
(518) 487-7732
jyetto@woh.com

February 4, 2024

**VIA ECF**
Hon. Vincent L. Briccetti
Charles L. Brieant Jr. Federal Court
300 Quarropas Street
White Plains, New York 10601

    Re:    <u>Schwartz, et. al. v. Town of Crawford, et.al.</u>
              S.D.N.Y Case No. 7-22-cv-09228-VB

Dear Judge Briccetti:

      This firm represents Plaintiffs Moses Schwartz and Pine Bush Construction Co. ("Plaintiffs") in the above-referenced litigation. I write regarding Defendants Town of Crawford and the Town of Crawford Town Board's ("Defendants") belated and wholly improper motion to dismiss (Dkt. No. 54, *et. seq.*). For the reasons set forth below, Plaintiffs respectfully request that (1) Defendants withdraw their patently frivolous motion, or (2) Defendants' motion to dismiss be stricken from the docket, or (3) Plaintiffs would ask for an in-person conference with the Court to discuss these matters and hold any response times in abeyance pending the conference with the Court.

## Procedural Background

      Plaintiffs filed their Complaint on October 27, 2022 (Dkt. No. 1) and Defendants filed their Answer and fifteen affirmative defenses on December 21, 2022 (Dkt. No. 15). Since December 21, 2022, this case has proceeded with discovery, despite Defendants' recalcitrance and refusal to participate meaningfully and in full compliance with the Federal Rules of Civil Procedure. Following the Rule 16 conference with the Court, Plaintiffs served discovery demands on Defendants in late March 2023. Plaintiffs received two document productions from Defendants on October 18, 2023 and October 19, 2023 consisting of fewer than 1,000 pages, less than half of which are responsive or relevant to this litigation. A review of this production from Plaintiffs demonstrated that Defendants had omitted any and all correspondence by and among the Defendants and that Defendants had failed to perform a reasonably diligent search for materials that Plaintiffs are entitled to. This ultimately resulted in a lengthy discovery dispute which Magistrate Judge Krause has been overseeing since December 2023, which has also since revealed Plaintiffs' concerns to be true.

On November 28, 2023, for the first time, and almost one year after they served their answer, Defendants represented to Plaintiffs, by way of a response to Plaintiffs' discovery deficiency letter, that they intended to make a post-answer motion to dismiss (Dkt. No. 39-3). Defendants, however, provided no explanation to Plaintiffs as to the potential grounds for their motion to dismiss. Likewise, Defendants informed Judge Krause by letter in response to Plaintiffs' request for a discovery pre-motion conference, that Defendants intended to make a post-answer motion to dismiss (Dkt. No. 41). Again, Defendants provided no basis for their purported motion. Now, on February 2, 2024, Defendants filed a motion to dismiss that is untimely, improper, and nonsensical. Defendants purport to bring their motion to dismiss on the basis of subject matter jurisdiction and failure to state a cause of action pursuant to Federal Rules of Civil Procedure 12 (b)(1) and (b)(6), respectively.

At a conference with Magistrate Judge Krause held on December 19, 2023, Judge Krause asked Defendants to provide further clarification as to their intention to bring a post-answer motion to dismiss. Attached here as Exhibit A is a copy of the transcript from the conference with Judge Krause. Judge Krause made clear to Defendants that "This is a 2022 case. The defendants answered, so the time for motion to dismiss has long passed" (Ex. A at 42:21-23). Defendants' counsel informed Judge Krause that they intended to make a motion to dismiss because Plaintiffs allegedly lack standing to bring their claims and because Plaintiffs allegedly failed to join a necessary party (Ex. A at 43:4-7). Specifically, Defendants took the position that Plaintiffs were obligated to join the Town of Crawford Now, which is merely the name of a Facebook group, not an entity or individual, as a party to this litigation because "it appears that certain of their comments may have been damaging to the plaintiffs" (Ex. A at 43:18-19). This, however, is wholly nonsensical as the Town of Crawford Now doesn't exist such that it can itself make comments nor be joined as a party to this litigation. Notably, that argument does not appear in the Defendants' February 2, 2024 motion to dismiss (Dkt. No. 54, *et. seq.*).

Judge Krause gave Defendants an additional opportunity to provide other grounds for their motion to dismiss, and counsel indicated that there were no other grounds beyond "standing and failure to join a necessary party" (Ex. A at 46:10-12). Yet, the February 2, 2024 motion to dismiss that has been filed alleges lack of subject matter jurisdiction and failure to state a cause of action, different in part from the representations made to Judge Krause on December 19, 2023 (Dkt. No. 54, *et. seq.*). Further, there has been no mention of a motion to dismiss by Defendants since the December 19, 2023 conference with Judge Krause.

Defendants, remarkably, failed to include any of these claims in any of their fifteen affirmative defenses (Dkt. No. 15). Defendants did not include an affirmative defense for a lack of subject matter jurisdiction, or more specifically, standing, nor did they include an affirmative defense for a failure to state a cause of action (*id.*). Defendants also did not include an affirmative defense for failure to join a necessary party, but it appears Defendants now are withdrawing that position.

Judge Krause also asked Defendants' counsel why Defendants didn't move to dismiss in 2022 when they chose to serve an Answer instead (Ex. A at 44:3-6), and Defendants informed the Court that the attorney who filed the Answer was her predecessor, who is no longer with their firm (Ex. A at 44:7-10). However, the attorney who signed and filed the Answer is still the attorney of

record for this matter and still with Defendants' counsel's law firm.

Judge Krause further made clear to Defendants that they would "have to make that application by way of premotion conference letter to Judge Briccetti" (Ex. A at 45:4-7). Defendants have failed to do so. Judge Krause again reiterated that "the time to file a motion to dismiss was long ago" (Ex. A at 45:9-12). Defendants then explained to Judge Krause that they "would prefer not to continue with discovery" (Ex. A at 45:21-22). It has been painfully obvious since discovery began that Defendants had no interest in providing responsive and relevant documents to Plaintiffs and have even obstructed this process by failing to even collect all of the materials related to Plaintiffs' document demands. Now, Defendants are seeking to use a belated and improper motion to dismiss to continue to avoid their discovery obligations. This is readily apparent since Defendants have not produced a single page to Plaintiffs beyond what was produced in October 2023. Defendants apparently failed to heed Judge Krause's warning that short of a stay issued by Your Honor, a motion to dismiss will not halt discovery (Ex. A at 46:7-9).

### **Defendants' Motion to Dismiss is Improper**

As a preliminary matter, Defendants' motion is untimely. Federal Rule of Civil Procedure 12(b) makes clear that a motion asserting a defense under this section "must be made before pleading" (Fed R. Civ. P. 12(b)). Under this same rule, a responsive pleading is due within 21 days after service of the summons and complaint, rendering any motions to dismiss under Federal Rule of Civil Procedure 12(b) prior to that time. Defendants have far exceeded those 21 days by over one year. It is well-established that after being served with a complaint, a defendant has the option to answer or file a pre-answer motion to dismiss. If a defendant files an unsuccessful motion to dismiss, the defendant then has the opportunity to answer the complaint. However, if a defendant files an answer, it loses the opportunity to move to dismiss on any grounds, excluding subject matter jurisdiction. "Rule 12(b) of the Federal Rules of Civil Procedure…deploys unambiguous, mandatory language. *Lehrer v. J&M Monitoring, Inc.*, 20-cv-6956, 2022 WL 2392441, at *4 (S.D.N.Y. July 1, 2022) (*quoting Moore v. Shahine*, No. 18-cv-463, 2019 WL 948349, at *2 (S.D.N.Y. Feb. 27, 2019)).

"For this reason, courts have repeatedly found Rule 12(b) motions to dismiss filed after responsive pleadings—specifically, answers—to be untimely." *Lehrer*, 2022 WL 2392441, at *4 (*quoting Moore*, 2019 WL 948349, at *2); *see also Tyco Int'l Ltd. v. Walsh*, No. 02-CV-4633, 2003 WL 553580, at *2 (S.D.N.Y. Feb. 27, 2003) ("A motion based on...Rule 12(b)(3) is [ ] untimely when it is served after the answer."); *Lencco Racing Co. v. Arctco, Inc.*, 953 F. Supp. 69, 70 n.1 (W.D.N.Y. 1997) ("A 12 (b)(3) motion to dismiss for improper venue ... must be filed before the answer...."); *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 768 (2d Cir. 1983) (finding motion to dismiss untimely when it was served after the defendant's answer); *Sarikaputar v. Veratip Corp.*, No. 19-cv-11168, 2021 WL 3914064, at *2 (S.D.N.Y. Aug. 31, 2021) ("[T]his motion is untimely given that [the defendant], along with two other defendants, filed an answer…months before filing the instant motion to dismiss."). Here, Defendants filed their answer on December 21, 2022 and their motion to dismiss on February 2, 2024 – 407 days later. Moreover, the *only time* a post-answer motion to dismiss on the grounds of Federal Rule of Civil Procedure 12(b)(6) is permissible is when it was pleaded as an affirmative defense – and here – it was not. *See Pullman v. Alpha Media Pub., Inc.*, 12-cv-1924, 2013 WL 1290409, at *16 (S.D.N.Y. Jan. 11, 2013), *report and*

*recommendation adopted*, 12-cv-1924, 2013 WL 1286144 (S.D.N.Y. Mar. 28, 2013), *affd*, 624 F. App'x 774 (2d Cir. 2015).

Defendants have participated in discovery (albeit, begrudgingly) since they filed their Answer in December 2022. In fact, discovery should have been completed by this point, but as a result of Defendants' obstinance, we have yet again been forced to extend the discovery deadlines. Now, Defendants seek to dismiss this case on allegations that Defendants have known since the inception of this litigation. Defendants quite obviously did not think their arguments were sufficient to succeed on a motion to dismiss after they were served with the complaint, as also evidenced by their failure to include these arguments as affirmative defenses.

If Defendants had meritorious arguments, those arguments should have been raised well before now. Similarly, Defendants could raise these same issues in a motion for summary judgment at the conclusion of discovery. But the reality is, Defendants are merely attempting to file this motion now to avoid continuing with discovery. It seems apparent that Defendants do not want to produce to Plaintiffs the materials they have improperly withheld, and now attempt to use this motion as a shield. Defendants cannot benefit from their impropriety and should be required, at a minimum, to fully comply with the Federal Rules of Civil Procedure.

Additionally, Defendants have arbitrarily provided Plaintiffs with only one week to provide an opposition to their motion to dismiss (Dkt. No. 54, *et. seq.*). Defendants unilaterally set a schedule for their belated motion to dismiss that runs contrary to the timing requirements as established in the Local Rules for the Southern and Eastern Districts of New York. Specifically, Rule 6.1(b) provides that when a party makes a motion, any papers in opposition must be filed within fourteen (14) days and any reply papers seven (7) days after that. Defendants seem to demand a response from Plaintiffs in half that time, while conveniently giving themselves nearly *two weeks* for their reply papers (*see* Dkt. No. 54).

For these reasons, and the reasons set forth above, Plaintiffs would respectfully ask that (1) Defendants withdraw their patently frivolous motion, or (2) Defendants' motion to dismiss be stricken from the docket, or (3) Plaintiffs would ask for an in-person conference with the Court to discuss these matters and hold any response times in abeyance pending the conference with the Court.

We thank you for your attention to this matter.

Respectfully,

*Jennifer Thomas Yetto*

Jennifer Thomas Yetto, Esq.