UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MOSES SCHWARTZ and PINE BUSH
CONSTRUCTION CORP.,

                            Plaintiffs,                    **ORDER**

            -against-                      22 Civ. 9228 (VB) (AEK)

THE TOWN OF CRAWFORD and
TOWN OF CRAWFORD TOWN BOARD,

                            Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       The Court has reviewed the submissions from Plaintiffs and the non-party subpoena recipients ("Non-Parties") regarding the appropriate scope of a confidentiality order to allow for the Court-ordered production of documents responsive to Plaintiffs' subpoena, as narrowed by the parties and via further orders of the Court. *See* ECF Nos. 74, 76.

       (1)    The Court sees no basis for the Non-Parties' demand for language requiring Plaintiffs to indemnify, hold harmless, and reimburse the Non-Parties for any costs related to any theoretical claims that might be asserted against the Non-Parties. The Court also sees no basis to require Plaintiffs to post a bond in any amount—let alone in the amount of $250,000—before the Non-Parties produce the documents that the Court has ordered them to provide. Contrary to counsel's suggestion, these proposed provisions are not "reasonable and prudent steps" to protect the interests of the Non-Parties. *See* ECF No. 74 at 2. Rather, both of these demands are extraordinary in the circumstances presented here, where the Court has already ordered that certain materials must be produced in response to the subpoena. The fact that the Non-Parties have resisted producing any information, and will only do so pursuant to a Court order and over

their repeated objections, will provide a compelling defense for the Non-Parties in the unlikely event that they are ever subjected to legal action for complying with the orders of the Court. And to the extent Plaintiffs and/or their counsel violate the Court's eventual confidentiality order by "intentionally or negligently allow[ing]" information subject to the order "to become public," *see* ECF No. 74 at 2, it would seem that any potential action would be better directed at the parties that violated an order of the Court rather than those (*i.e.*, the Non-Parties) who reluctantly complied with an order of the Court.

(2)     As for the Non-Parties' proposal that the "attorneys' eyes only" provision be reinforced by adding language that "the parties themselves" may not receive and review the materials from the Non-Parties and that the parties' attorneys and their staff are "the only ones" who may review these documents, the Court agrees with Plaintiffs that this language is redundant.  Yet the language also appears harmless, and it is not clear why the Plaintiffs have any substantive objection to the inclusion of this phrasing.

(3)     Finally, regarding the Non-Parties' request that they be notified 14 days before any application is made to the Court regarding the use of the materials produced in response to the subpoena, the Court finds that proposal unworkable, because the delays that could result from such an advanced notice requirement could materially interfere with the efficient resolution of disputes in this matter.  That said, a request for some period of advanced notice to the Non-Parties before an application is made to the Court regarding expanded use of the subpoena response is reasonable.  Such provisions are commonly included in confidentiality stipulations and/or orders so that the party whose documents may be subject to an application to the Court can have additional time to prepare any objection.  That is especially appropriate here, where the Non-Parties will not otherwise be privy to developments in the case that might prompt a party to

make an application to the Court regarding the Non-Parties' materials.  To address the Non-Parties' legitimate interests while still allowing for the efficient progress of the litigation, a provision requiring three days' advanced notice to counsel for the Non-Parties before a party submits any application to the Court regarding the potential use of the documents at issue would seem appropriate.

\* \* \* \* \* \* \* \* \* \*

With these points in mind, the Court is prepared to take the competing proposals and issue a confidentiality and protective order to govern the production of documents by the Non-Parties.[1]  The Court will, however, give the Non-Parties one final opportunity to provide any specific legal authority to support the potential inclusion of the indemnification and bond provisions, or any other issue of concern prompted by this Order.  **Any submission must be filed via ECF by no later than Friday, April 5, 2024**.  This submission must include specific citations to cases where similar relief has been ordered or approved by a court, and specific instances where individuals similarly situated to the non-parties have been "exposed to any liability," *see* ECF No. 74 at 2, under circumstances analogous to those presented here.  If the Non-Parties do file such a submission, Plaintiffs need not file a response unless specifically directed to do so by the Court.  If the non-parties do not file any further response by April 5,

---

[1] To be clear, because the parties and the Non-Parties have been unable to reach an agreement about the scope of confidentiality provisions, the Court is no longer contemplating that this will be a stipulation signed by the parties and the Non-Parties.

3

2024, the Court will proceed to issue a confidentiality and protective order next week, which will then trigger the Non-Parties' production obligation.  *See* ECF No. 73.

Dated: April 3, 2024
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

4