UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MOSES SCHWARTZ and PINE BUSH
CONSTRUCTION CORP.,

                         Plaintiffs,                              **ORDER**

          -against-                             22 Civ. 9228 (VB) (AEK)

THE TOWN OF CRAWFORD and
TOWN OF CRAWFORD TOWN BOARD,

                        Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On April 3, 2024, the Court issued an order regarding the potential scope of a confidentiality and protective order that would allow for the Court-ordered production of documents responsive to Plaintiffs' non-party subpoena, as narrowed by the parties and via further orders of the Court.  ECF No. 79.  In that order, the Court stated that it saw no basis for the inclusion of the language proposed by the non-party subpoena recipients ("Non-Parties") requiring Plaintiffs to indemnify, hold harmless, and reimburse the Non-Parties for any costs related to any theoretical claims that might be asserted against the Non-Parties, or the proposed language requiring Plaintiffs to post a bond in the amount of $250,000.  *Id.* at 1-2.  The Court also gave the Non-Parties a final opportunity to provide further support for the inclusion of the proposed indemnification and bond provisions.  *Id.* at 3-4.  This submission was to "include specific citations to cases where similar relief has been ordered or approved by a court, and specific instances where individuals similarly situated to the [N]on-[P]arties have been 'exposed to any liability' under circumstances analogous to those presented here."  ECF No. 79 at 3

<small>
</small>

(quoting ECF No. 74 at 2.).  The Non-Parties filed their submission on April 8, 2024.  ECF No. 86.

"A party or any person from whom discovery is sought may move for a protective order," which may be issued upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery."  Fed. R. Civ. P. 26(c)(1); *see also Trellian Pty, Ltd. v. adMarketplace, Inc.*, No. 19-cv-5939 (JPC) (SLC), 2021 WL 363965, at *2 (S.D.N.Y. Feb. 3, 2021) (citing Rule 26(c) of the Federal Rules of Civil Procedure in discussing the standards applicable to a Rule 45 subpoena); 9 Moore's Fed. Prac. – Civil § 45.30 (2024) ("[a] person subject to a discovery subpoena that commands production or inspection" under Rule 45 may move for a protective order under Rule 26(c)).  "[T]he party seeking a protective order has the burden of showing that good cause exists for issuance of that order."  *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004).  Additionally, the Court has broad discretion "to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Despite the Court's instructions, the Non-Parties letter does not cite a single instance where an indemnification provision or a bond provision like those requested by the Non-Parties was required in circumstances similar to those found in this case.  While the Non-Parties vaguely refer to the risk of "potential consequences to [themselves]," "significant potential liability," and the "costs and consequences of potential third party liability" due to the Court's orders regarding the subpoena, *see* ECF No. 86 at 4, 5, they have not presented any examples of how similarly situated subpoena recipients faced any liability based on their compliance with orders of a court, nor have they even attempted to explain why the "attorneys' eyes only" protections of the

forthcoming confidentiality and protective order are not sufficient to address their concerns. Moreover, the Non-Parties have not addressed the Court's observations about the availability of certain defenses and the potential culpability of others should there be violations of the Court's confidentiality and protective order.  In short, the Non-Parties have not met their burden of showing that good cause exists for issuance of a confidentiality and protective order that includes the requested indemnification and bond provisions.  Accordingly, the Court will enter a confidentiality and protective order consistent with the parameters set forth in ECF No. 79.

* * * * * * * * *

Much of the Non-Parties' letter focuses on the burden and proportionality requirements for a non-party subpoena and the potential for shifting of costs for compliance with a non-party subpoena.  *See generally* ECF No. 86.

To the extent that the Non-Parties' letter attempts—once again—to raise an objection to the scope of the Court-ordered production, the time for such an objection has passed, and the Court is not issuing any new rulings on such untimely objections at this time.  *See* ECF No. 71 (explaining that it was untimely to raise such arguments on March 13, 2024).

As to the possibility of cost shifting, the Non-Parties' April 8, 2024 letter is the first time this issue has been raised.  The letter specifically states, however, that the Non-Parties "hereby reserve their right" to request that the Court require Plaintiffs to "subsidize" the Non-Parties' costs of complying with the subpoena.  ECF No. 86 at 5.  Accordingly, the Court does not interpret the Non-Parties' April 8, 2024 letter itself to be a request for costs—instead, it is only a notification that the Non-Parties may wish to make such an application in the future.  The Court will consider such an application if and when it is filed.

\* \* \* \* \* \* \* \* \* \*

The confidentiality and protective order that will govern the production of documents by the Non-Parties will be docketed separately today. Therefore, the Non-Parties' deadline to produce documents responsive to Plaintiffs' subpoena is April 17, 2024. *See* ECF No. 73.

Dated: April 15, 2024
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge